FILED
ASHEVILLE, N.C.
2001 JAN 18 PM 1:42
U.S. DISTRICT COURT
W. DIST. OF N.C.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:00cv241-T**

**STARSIGHT TELECAST, INC.,**

**Plaintiff,**

**Vs.**

**ECHOSTAR COMMUNICATIONS CORPORATION, a Nevada Corporation; ECHOSTAR SATELLITE CORPORATION, a Colorado Corporation; ECHOSTAR TECHNOLOGIES CORPORATION, a Texas Corporation,**

**Defendants.**

**ORDER**

**THIS MATTER** is before the court upon defendants' Motion to Transfer, defendant Echostar Communications Corporation's Motion to Dismiss, and the joint Stipulation recommending an appropriate manner for disposition of the Motion to Dismiss. The joint Stipulation of the parties will be accepted.

The Motion to Transfer has been fully briefed, and it appears from the text of the briefs that a hearing is requested. While the hearing will be allowed, the court has conducted a preliminary review of the arguments and found some compelling arguments on both sides. Where, as here, jurisdiction is properly laid, transfer is a matter of discretion and is typically made for the convenience of the parties. Without doubt, all parties have some connection to this forum; however, it is most unusual for a business that resides in California to seek out a North Carolina forum to sue a corporation that resides in Colorado. Plaintiff's given reason--that the SuperGuide litigation has made this court expert in satellite programming guide technology and patents--is gracious, but not likely to completely carry the day. The idea that judicial resources are saved by grouping in one particular district patent cases related to one area of technology makes sense on paper, but the reality is that one judge in a district may handle one case, while another handles the other.



30

On the other hand, a plaintiff's choice of forum is given great weight, and a defendant who requests a transfer bears a great burden of persuasion. The fact that these defendants filed an antitrust action against this plaintiff in the District of Colorado is little more than evidence of a "race to the courthouse," which is almost always the opening salvo in the great paper war which is patent litigation. This court imagines that a motion to transfer is now pending before that court and will most likely be granted if this matter is not transferred there.

Finally, while plaintiff must have seen some advantage in filing in this district, it is forewarned that this is one of the busiest districts in the country. The response to such situation by the judges of this district is, perhaps, the opposite of what one might expect. Rather than slowing the progression of cases to disposition, it has speeded up litigation to a point where a case filed in this division will be resolved before its first birthday, and the number of continuances and extensions granted in the last decade are countable on one hand. If it truly desires what it has wished for, plaintiff must be prepared to hit the ground running (which was a problem in SuperGuide) if this matter remains in this district. With all this background, respective counsel are advised to discuss the realities of this case prior to the hearing.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) defendants' Motion to Transfer is **CALENDARED** for hearing on February 5, 2001, at 2:00 p.m.; and

(2) with the consent of the parties, defendant Echostar Communications Corporation's Motion to Dismiss is **DENIED** without prejudice for the reasoning provided by the joint Stipulation of the parties, and such Stipulation is incorporated herein by reference.

This Order is entered in preliminary response to defendants' Motion to Transfer (#10) and in response to defendant Echostar Communications Corporation's Motion to Dismiss (#12) and the joint Stipulation (#22) recommending an appropriate manner for disposition of the Motion to Dismiss.

**This 18th day of January, 2001.**

**MAX O. COGBURN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

United States District Court
for the
Western District of North Carolina
January 18, 2001

* * MAILING CERTIFICATE OF CLERK * *

Re: 1:00-cv-00241

True and correct copies of the attached were mailed by the clerk to the following:

Gregory N. Clements, Esq.
Dougherty & Associates
6230 Fairview Road
Suite 400
Charlotte, NC 28210

James E. Doroshow, Esq.
Christie, Parker, & Hale
350 W. Colorado Blvd.
Suite 500
Pasadena, CA 91105

Brian K. Brookey, Esq.
Christie, Parker, & Hale
350 W. Colorado Blvd.
Suite 500
Pasadena, CA 91105

Patrick S. Schoenburg, Esq.
Christie,Parker & Hale
350 West Colorado Blvd., Ste. 500
P.O. Box 7068
Pasadena, CA 91109-7068

Larry McDevitt, Esq.
Van Winkle, Buck, Wall, Starnes & Davis, P. A.
P. O. Box 7376
Asheville, NC 28802

Rachel Krevans, Esq.
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105-2482

Harold J. McElhinny, Esq.
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105

Stephen S. Dunham, Esq.
Morrison & Foerster, LLP

5200 Republic Plaza
370 17th St.
Denver, CO 80202-5638

cc:

| | |
|---|---|
| Judge | ( ) |
| Magistrate Judge | (X) |
| U.S. Marshal | ( ) |
| Probation | ( ) |
| U.S. Attorney | ( ) |
| Atty. for Deft. | ( ) |
| Defendant | ( ) |
| Warden | ( ) |
| Bureau of Prisons | ( ) |
| Court Reporter | ( ) |
| Courtroom Deputy | (X) |
| Orig-Security | ( ) |
| Bankruptcy Clerk's Ofc. | ( ) |
| Other________________ | ( ) |

Frank G. Johns, Clerk

Date: January 18, 2001

By: J Gosnell
Deputy Clerk